# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ransom, Marquis and Solomon, Devin

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas H. Kohn; Markowitz & Richman
123 S. Broad St., Ste. 2020; Philadelphia, PA 19109;
(215) 875-3129   +

## DEFENDANTS
TruJacodi Delivery Express LLC, Amazon.com Services LLC, Amazon Logistics Inc. and Amazon.com Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | |    Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other | ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 2101-2109
Brief description of cause:
Violation of the Worker Adjustment and Retraining Notification Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE Dec 30, 2025
SIGNATURE OF ATTORNEY OF RECORD /s/ Thomas H. Kohn

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Amazon Delivery Station, 2900 Grant Avenue, Philadelphia, Pennsylvania 19114

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

| | | |
|---|---|---|
| 1. | Does this case involve property included in an earlier numbered suit? | Yes ☐ |
| 2. | Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? | Yes ☐ |
| 3. | Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? | Yes ☐ |
| 4. | Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? | Yes ☐ |
| 5. | Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. | Yes ☐ |

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☒ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B.  Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUIS RANSOM and DEVIN SOLOMON, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| vs. | ) ) | |
| TRUJACODI DELIVERY EXPRESS, LLC and AMAZON.COM SERVICES LLC and AMAZON LOGISTICS INC and AMAZON.COM INC, as Joint Employers | ) ) ) ) ) ) | **CLASS ACTION COMPLAINT** |
| Defendants. | ) ) ) | **JURY DEMANDED** |

Marquis Ransom ("Plaintiff Ransom") and Devin Solomon ("Plaintiff Solomon") (collectively the "Plaintiffs"), on behalf of themselves and a putative class of similarly situated former employees as defined herein, bring this suit against TruJacodi Delivery Express, LLC ("TruJacodi") and Amazon.com Services LLC, Amazon Logistics Inc., and Amazon.com, Inc. (collectively all Amazon entities shall be referred to as "Amazon" and collectively with TruJacodi the "Defendants") by way of this Class Action Complaint against Defendants, allege, as follows:

## NATURE OF THE ACTION

1.      This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act"), by the Plaintiffs on their own behalf and on behalf of the other similarly situated persons against TruJacodi, their employer, for WARN Act purposes, and Amazon, their joint employer, for WARN Act purposes.

2.      On or about September 4, 2025, with an effective date of September 12, 2025, TruJacodi issued a notice informing all of its drivers that the company permanently would cease

1

operations as of September 12, 2025. Approximately 50 drivers were impacted by this mass layoff. TruJacodi was a direct service provider for Amazon providing delivery services for the multinational company in and around the Philadelphia, Pennsylvania area through Amazon's Delivery Service Partner ("DSP") program. As described in greater detail below, given the nature of the relationship between TruJacodi and Amazon, Amazon is the joint employer of the Plaintiffs and the putative class of drivers.

3.    Defendants failed to provide 60 days' advance written notice as required by the WARN Act, 29 U.S.C. § 2101, *et seq.,* to the affected employees.

## JURISDICTION AND VENUE

4.    This Court has Jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 2104(a)(5).

5.    Venue is proper in this district pursuant to 28 U.S.C. § 123(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

6.    Plaintiff **Marquis Ransom** is a resident of the United States and lives in Philadelphia County, Pennsylvania. Plaintiff Ransom was employed by TruJacodi and Amazon at all relevant times and worked there for more than six (6) months prior to September 12, 2025. Plaintiff Ransom is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

7.    Plaintiff **Devin Solomon** is a resident of the United States and lives in Philadelphia County, Pennsylvania. Plaintiff Solomon was employed by TruJacodi and Amazon at all relevant times and worked there for more than six (6) months prior to the September 12, 2025. Plaintiff Solomon is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

8.      Defendant TruJacodi Delivery Express, LLC was a New Jersey limited liability company with its principal place of business at 100 Springdale Road, Suite 3A, Cherry Hill, New Jersey 08003. It may be served via its Commercial Registered Office Provider (CROP), United States Corporation Agents, Inc., 600 N 2nd Street, 4th Floor, Harrisburg, Pennsylvania 17101 and/or its owner, Jessiah Styles, 600 Voorhees Road, Gibbsboro, New Jersey 08026-1328 or wherever it may be found.

9.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Ave., North, Seattle Washington, 98109. It may be served via its registered agent in Pennsylvania, Corporation Service Company, 5235 North Front Street, Harrisburg, Pennsylvania 17110, or wherever it may be found. Amazon.com, Inc. is the largest online retailer in the United States and is engaged throughout the United States in the selling of products with delivery to homes via a large network of delivery agents.

10.      Defendant Amazon Logistics, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Ave., North, Seattle Washington, 98109. It may be served via its registered agent in Pennsylvania, Corporation Service Company, 5235 North Front Street, Harrisburg, Pennsylvania 17110, or wherever it may be found. Upon information and belief, Amazon Logistics, Inc, is engaged in running Amazon's Delivery Service Partner program throughout the United States.

11.      Defendant Amazon.com Services LLC is a Delaware corporation with its principal place of business located at 410 Terry Ave., North, Seattle Washington, 98109. It may be served via its registered agent in Pennsylvania, Corporation Service Company, 5235 North Front Street, Harrisburg, Pennsylvania 17110, or wherever it may be found. Upon information and belief,

3

Amazon.com Services LLC is engaged in running Amazon's e-commerce and delivery throughout the United States.

## FACTS

**I.**     **TruJacodi Operates As A Direct Service Provider For Amazon Engaged In Making Deliveries Of Products Sold On Amazon's Website, And As A Result Amazon And TruJacodi Were Joint Employers Of The Drivers Delivering Amazon Products.**

12.    TruJacodi was a Delivery Service Partner ("DSP") for Amazon. In or around 2018, Amazon launched its DSP program. Amazon describes its DSP program as follows: "When customers make their purchases online, Amazon's people, technology, and operations work together to fulfill their orders. The items are packed at fulfillment centers and then sent to delivery stations. At the delivery stations, packages are prepared to be loaded into delivery vehicles, which is where you come in. Each morning, you'll lead your team of delivery associates as they load packages into their vehicles and deliver them to customers' homes and businesses."[1]

13.    In other words, DSPs deliver Amazon packages ordered on Amazon's online platform to homes or businesses. According to Amazon, there are over 3,000 DSPs operating out of Amazon's facilities globally, employing 275,000 drivers delivering Amazon packages. These DSPs are an integral and integrated part of Amazon's operations, comprising approximately 50% or more of Amazon's deliveries.

14.    Upon information and belief, rather than contracting with existing delivery companies, Amazon seeks minimally capitalized individuals who will create new legal entities through Amazon, controlling and subsidizing the formation of the DSP. Amazon also supports its DSPs by providing benefits and services, training, business coaching, logistics expertise, and on-

---

[1] *See* Amazon Website, https://logistics.amazon.com/marketing/opportunity (Last accessed 12/23/2025).

road support for all DSPs enrolled in the program. This includes Amazon negotiating with outside service providers to give DSPs discounted access to the leased or rented vehicles the DSPs use, to insurance, to employee uniforms that Amazon requires, to payroll processing and tax services, and to legal representation for labor and employment issues.

15.    Amazon controls DSP labor relations through its DSP Navigator Program, which it describes as a suite of . . . labor and employment services for DSPs in the United States, including access to a live HR and labor and employment legal support hotline . . . to advise on the day-to-day challenges of managing a workforce . . . access to an online labor and employment knowledge bank and training programs, and full legal representation by the Ogletree Deakins law firm in labor and employment matters including, for example, employment lawsuits, wage and hour claims, and labor and employment agency proceedings.

16.    Amazon exercises control over the DSP's hiring process by setting standards for the drivers that DSPs can hire, and by retaining veto power over any drivers a DSP seeks to hire. Amazon dictates that DSPs must hire their drivers as employees instead of independent contractors, and Amazon requires that these employees work under an at-will discharge policy.

17.    Amazon sets the minimum wage that DSPs are allowed to pay their drivers and prohibits DSPs from paying drivers on a per-route or per-day basis. Amazon also sets other minimum benefits that DSPs must provide to their employees.

18.    Amazon determines and dictates how DSP employees will complete their work. Amazon requires that DSP drivers complete Amazon-led trainings at Amazon's facilities and requires certain training and online courses at onboarding and on a continuing basis. Amazon sets detailed policies for how DSP employees must perform their work.

19.    Amazon provides portable electronic devices for DSPs to deliver to drivers that will ultimately be responsible for delivery of packages, devices which Amazon monitors. Amazon also requires that DSPs use panoptic surveillance cameras in the delivery vehicles they use, cameras which Amazon monitors.

20.    Amazon knows that safety is important for DSP drivers and admits that safety is a "dual commitment" from Amazon and the DSPs "to create a safe work environment and great experience for our customers." Moreover, Amazon has also stated that: "We've invested in advanced safety technology to help keep delivery associates safe on the road, and have developed a program and metrics to ensure safety is a top priority for everyone. As [a DSP], it's up to you to create a safe, productive, and inclusive work environment while ensuring your team of delivery associates meets performance and safety standards at every stop on their routes."[2]

21.    TruJacodi was a DSP since in or about 2020. It provided delivery services for Amazon customers in and around the Pennsylvania and Delaware areas.

22.    TruJacodi dispatched drivers from an Amazon Delivery Station located at 2900 Grant Avenue, Philadelphia, Pennsylvania 19114 (the "Grant ADS"). Amazon dictates the shifts during which each DSP will operate at the Grant ADS, and the time that each DSP's drivers will be dispatched.

23.    Each day, Amazon delivers to the Grant ADS the day's deliveries, where Amazon further sorts the deliveries by zip code and creates routes with specific time-metrics for how quickly those routes must be completed. Amazon then assigns each DSP's driver their specific

---

[2] *See* Amazon Website, https://logistics.amazon.com/marketing/opportunity (Last accessed 12/23/2025).

route for the day, based on the driver performance metrics that Amazon tracks. When work is particularly heavy, Amazon can require that a DSP's employees work longer shifts.

24.     Once Amazon assigns the routes, TruJacodi dispatched drivers to the trucks used to make deliveries of the routes assigned by Amazon to TruJacodi. TruJacodi used Amazon-labeled blue delivery trucks and vans to deliver Amazon products. On particularly busy delivery days, TruJacodi may also utilize rental trucks or vans that do not carry the Amazon insignia. Upon information and belief, Amazon sets up these rental arrangements on behalf of the DSP with major fleet operators like Budget and others, and Amazon pays for the rental of these excess trucks.

25.     TruJacodi drivers used budget android phones using Amazon's Flex App to follow the day's assigned routes and make deliveries.  Most or all of the phones also carry Amazon's E-Mentor App, which allows Amazon to track the location and status of each delivery and to collect detailed metrics about drivers' performance and their compliance with Amazon's policies and driving standards.

26.     Amazon also equips delivery trucks and vans with cameras used to surveil and monitor all actions taken by the driver, including whether the driver is wearing a seat belt, whether the driver has his or her eyes on the road, and a host of other biometric data used to supervise a driver's activity while delivering Amazon's products.

27.     Upon information and belief, Amazon also uses this information to monitor drivers' efficiency in delivering packages, and it then provides feedback to DSPs as to a driver's efficiency and effectiveness. Amazon issues both DSPs and the DSP's drivers weekly scorecards based on their performance and their compliance with Amazon's policies and procedures, and then plays a role in deciding what corrective action DSPs and their drivers must complete to continue working.

28.     These cameras also allow Amazon to monitor any traffic violations committed by drivers, including whether a driver is speeding, is in the wrong lane, passes on a double line, and many other major and minor traffic violations.

29.     As a result, Amazon is a joint employer of TruJacodi's drivers because, as described above, Amazon:

   a.   Assigns to drivers the product they will deliver;

   b.   Dictates how drivers will complete their work and provides training to these drivers;

   c.   Decides the routes drivers will drive and sets time metrics for the drivers;

   d.   Monitors and supervises the drivers' deliveries and every aspect of their performance throughout the day;

   e.   Maintains information on past performance of drivers and the efficiency with which they make deliveries;

   f.   Monitors and manages the drivers' operation of delivery vehicles including the manner and methods by which the drivers drive vehicles;

   g.   Plays a role in drivers' hiring, in dictating any corrective action or discipline for drivers, and in drivers' retention based on drivers' compliance with Amazon's policies and metrics for drivers;

   h.   Provides training to TruJacodi on how to operate as a delivery unit and trains and sets policies for TruJacodi on its basic operations.

## II.     Defendants Terminate TruJacodi's Drivers Without Giving 60 Days Of Notice.

30.     On September 4, 2025, TruJacodi sent notice to all of its drivers that it would be permanently ceasing operations on September 12, 2025. On or around September 4, 2025,

TruJacodi provided a WARN Act notice to the Commonwealth of Pennsylvania Department of Labor and Industry—but it did not do so 60 days before shuttering its operations at the Grant ADS. Amazon did not provide any notice to the drivers that their employment would be ceasing, nor did Amazon provide any WARN notice to the Commonwealth of Pennsylvania Department of Labor and Industry.

31.     At the time relevant to this Complaint, with respect to when TruJacodi and Amazon should have, but failed to provide proper notice under the WARN Act, the Amazon Defendants, and each of them, employed more than 100 employees.

32.     At the time relevant to this Complaint, with respect to when TruJacodi and Amazon should have, but failed to provide proper notice under the WARN Act, TruJacodi employed more than 50 employees.

33.     TruJacodi, and Amazon, as joint employer, employed 50 drivers at the Grant ADS. TruJacodi also had dispatchers and management personnel at the Grant ADS. In all, upon information and belief, TruJacodi had over 50 employees at the Grant ADS, excluding part-time employees, who collectively worked in excess of 4,000 hours per week (excluding overtime hours).

34.     In all, at least 50 employees were terminated on or around September 12, 2025, which constitutes the entire TruJacodi operating unit at the Grant ADS.[3]

35.     For purposes of WARN Act liability, the Grant ADS is a single site of employment, and the TruJacodi operations at the Grant ADS constituted an operating unit because TruJacodi was a distinct organizational and operational unit performing a distinct product, operation, or

---

[3] Some employees were told individually, and some employees were told collectively, of their termination. All such notices were given within days of each other and, in any event, within 30 days of TruJacodi's closing on September 12, 2025.

specific work as part of Amazon's operations at Amazon's facility. As joint employer, Amazon also had duties under the WARN Act to give timely notice of the Grant ADS shutdown but failed to do so as outlined in the preceding paragraphs.

## CLASS ACTION ALLEGATIONS

36.    Plaintiffs bring their WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of TruJacodi/Amazon working at the Grant ADS whose employment was permanently terminated or temporarily suspended within 30 days of September 12, 2025.

37.    Class Action treatment of Plaintiffs WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a.  The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1);

b.  Questions of law and fact are common to the class, including, *inter alia*, whether:

i.  Defendants provided adequate notice of its plant closing under the WARN Act, 29 U.S.C. § 2102.

ii.  Defendants actions constitute a "plant closing" as that term is used in the WARN Act; and

iii.  Amazon is a joint employer with TruJacodi subject to liability under the WARN Act;

Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2);

c.  Plaintiffs are members of the class, and their claims are typical of the claims of other class members. Plaintiffs have no interests that are antagonistic to or in

conflict with the interests of other class members. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3);

    d.  Plaintiffs will fairly and adequately represent the class and its interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

38.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

39.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the class, making declaratory and injunctive relief appropriate with respect to Plaintiffs and the class as a whole.

40.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I:
## VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
## (WARN Act)

41.     Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

42.     Defendants are an "employer" within the meaning of the WARN Act. 29 U.S.C. § 2101(a)(1).

43.     Plaintiffs and those they seek to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(5).

44.     The September 12, 2025, closing of TruJacodi's operations at the Grant ADS constituted a "plant closing" as defined in 29 U.S.C. § 2101(a)(2), since it was a permanent shutdown of a single site of employment or one or more operating units within a single site of employment that resulted in an employment loss for 50 or more employees. In addition, upon information and belief, the shutdown will last longer than 30 days.

45.     To the extent that the September 12, 2025, closing of TruJacodi's Grant ADS operations is not a "plant closing" as defined in 29 U.S.C. § 2101(a)(2), the closing constitutes a "mass layoff" as that term is used in 29 U.S.C. § 2101(a)(3), since it resulted in an employment layoff of at least 33 percent of the employees and at least 50 employees of TruJacodi.

46.     The September 12, 2025, closing of TruJacodi's Grant ADS operations terminated at least 50 employees, resulting in "employment losses" as defined in 29 U.S.C. §§ 2101(a)(3)(B)(i)(I) and (II).

47.     The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State

12

or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur." 29 U.S.C. § 2102(a)(2).

48.     On information and belief, prior to September 4, 2025, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C. § 2101(a)(5); nor upon information and belief did Defendants give any prior written notice to the Commonwealth of Pennsylvania Department of Labor and Industry or to the chief elected official of the local government within which the mass layoff was ordered.

49.     Amazon violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about September 4, 2025, and continued until all of TruJacodi's workforce had been terminated.

50.     As such, Plaintiffs and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act. 29 U.S.C. § 2104(a)(7).

51.     The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

52.     Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**COUNT II:**
**VIOLATIONS OF THE PHILADELPHIA WORKER ADJUSTMENT AND**
**RETRAINING NOTIFICATION ACT, PHILA. CODE ANN. § 9-1500, *et seq.***
**(PHILADELPHIA WARN Act)**

53.    Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

54.    Plaintiffs plead this count in the alternative in the event that the federal WARN Act is deemed not to apply. In such circumstance, Plaintiffs assert a claim under the Philadelphia Worker Adjustment and Retraining Notification Act ("Philadelphia WARN Act"). Philadelphia Code, Chapter 9-1500, § 9-1502, *et seq.*

55.    The Philadelphia WARN Act mandates that, "[whenever] an employer within the City of Philadelphia makes a decision to close or relocate the operations of an establishment of that employer, the employer shall notify in writing the Director of Commerce of the City of Philadelphia, the employees of the affected establishment, and any employee organization which represents the employees of the affected establishment, of such intent to close or relocate not less than sixty days prior to the date of such closing or relocation." *Id.* at § 9-1502(1).

56.    Defendants are an "employer within the City of Philadelphia" within the meaning of the Philadelphia WARN Act. *Id.* at §§ 9-1501 & -1502.

57.    Plaintiffs and those they seek to represent were at all relevant times "employees of the affected establishment" and "affected employees" within the meaning of the Philadelphia WARN Act. *See id.* at §§ 9-1502(1) & -1504.

58.    The September 12, 2025, closing of TruJacodi's operations at the Grant ADS constituted a closing under the Philadelphia WARN Act, since it was a permanent shutdown of operations that resulted in an employment loss for 50 or more employees. *Id.* at § 9-1502(1). Upon information and belief, the shutdown is permanent and will last longer than 30 days.

14

59.    Neither Amazon nor TruJacodi provided adequate notice of TruJacodi's closing under the Philadelphia WARN Act to their joint employees at the Grant ADS. *Id*. at § 9-1502(1).

60.    Upon information and belief, Defendants also failed to provide adequate notice of TruJacodi's closing under the Philadelphia WARN to the Director of Commerce of the City of Philadelphia. *Id*. at § 9-1502(1).

61.    The September 12, 2025, closing of TruJacodi's Grant ADS operations terminated at least 50 employees, resulting in compensable damages to Plaintiffs and those they seek to represent under the Philadelphia WARN Act. *Id*. at § 9-1504.

62.    Moreover, Defendants' violations of the Philadelphia WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing it ordered was not in violation of the notice requirements at Philadelphia Code, Chapter 9-1500, § 9-1502, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1.    Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b) and designation of Plaintiffs as representatives of the Class and their counsel of record as Class Counsel;

2.    A declaration that Defendants have violated the WARN Act. 29 U.S.C. § 2101(a)(1).

3.    A declaration that Defendants have violated the Philadelphia WARN Act. Philadelphia Code, Chapter 9-1500, § 9-1502, *et seq*.

4.    A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for back pay and other damages to the fullest extent permitted by the WARN Act, 29

15

USC § 2104(a)(1)(A), and the Philadelphia WARN Act Philadelphia Code, Chapter 9-1500, § 9-1502, *et seq.*

5.      A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiffs and those they seek to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B) and the Philadelphia WARN Act, and Philadelphia Code, Chapter 9-1500, § 9-1502, *et seq.*;

5.      A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendants had no reasonable grounds for believing that its plant closing and/or mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102, and that Philadelphia WARN Act, and the Philadelphia WARN Act, Philadelphia Code, Chapter 9-1502;

6.      A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and the Philadelphia WARN Act, Philadelphia Code, Chapter 9-1500, § 9-1502, et *seq.,* and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7.      A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3), and the Philadelphia WARN Act, Philadelphia Code, Chapter 9-1500, § 9-1502, *et seq.* and

8.      Such other and further relief as this Court deems just, proper, and allowable.

16

DATED: December 30, 2025

Respectfully submitted,

By: /s/ Thomas H. Kohn
Thomas H. Kohn
**MARKOWITZ & RICHMAN**
123 South Broad Street, Suite 2020
Philadelphia, Pennsylvania 19109
Ph: (215) 875-3129
Email: tkohn@markowitzandrichman.com

Benjamin Gastel*
Daniel P. Hull*
**HERZFELD, SUETHOLZ, GASTEL, LENISKI**
**& WALL, PLLC**
1920 Adelicia Street, Suite 300
Nashville, TN 37212
Ph: (615) 800-6225
Email: ben@hsglawgroup.com
          daniel@hsglawgroup.com

*Pro hac vice admission forthcoming*

*Attorneys for Plaintiffs*

17